IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JENIA THURMAN                                                                                   PLAINTIFF

V.                                       4:25CV00500 JM

STATE FARM FIRE AND
CASUALTY COMPANY                                                                            DEFENDANT

## ORDER

Pending is the Defendant's partial motion to dismiss Plaintiff's claims of the tort of bad faith, fraud, conversion, and violation of the Arkansas Deceptive Trade Practices Act. Plaintiff has responded and the Defendant has filed a reply. The motion has been fully briefed.

I.      Facts as alleged in the complaint

Plaintiff submitted a claim to her insurer, Defendant State Farm Fire and Casualty Company, for damage to her home caused by a tornado on March 31, 2023. Plaintiff claims that she complied with all documentation and inspection requests by the Defendant, but the Defendant failed to pay the full benefits due under the policy. Plaintiff alleges that her home was a total loss, but the Defendant demanded that Plaintiff make repairs to the destroyed home. Plaintiff alleges that the Defendant showed a pattern of unreasonable delays, misrepresentations, and pressure tactics, including threats of claim closure. Plaintiff claims that the Defendant ignored photographic evidence showing a collapsed roof and destroyed framing. According to the Complaint, the Defendant released partial payments, withheld recoverable depreciation, and refused to acknowledge the property's total structural failure. Plaintiff was displaced from her home for months, experienced financial strain and emotional trauma as a result.

Plaintiff filed suit against the Defendant for breach of contract, the tort of bad faith, fraud, conversion, and the Arkansas Deceptive Trade Practices Act.

      II.        <u>Standard for Motion to Dismiss</u>

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562. This standard "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim." *Id.*

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the Court must assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). The Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555.

III.   Analysis

A. Bad Faith

"The standard for establishing a claim for bad faith is rigorous and difficult to satisfy." *Unum Life Ins. Co. of Am. v. Edwards*, 210 S.W.3d 84, 87 (Ark. 2005). "In order to state a claim for bad faith, one must allege that the defendant insurance company engaged in affirmative misconduct that was dishonest, malicious, or oppressive." *Id.* The Arkansas Supreme Court "has defined 'bad faith' as 'dishonest, malicious, or oppressive conduct carried out with a state of mind characterized by hatred, ill will, or a spirit of revenge.'" *Id.* (quoting *State Auto Prop. & Cas. Ins. Co. v. Swaim*, 991 S.W.2d 555 (Ark. 1999)). Bad faith does not arise merely from the denial of a claim—there must be affirmative misconduct. *Id.* at 88.

Plaintiff's allegations that the Defendant applied policy terms unequally, pressed her to live in temporary conditions for an unreasonable amount of time, capped additional living expenses, and sent warning that her benefits would expire do not support a plausible claim that State Farm acted with a "with a state of mind characterized by hatred, ill will, or a spirit of revenge" as required under Arkansas law. Even assuming all of Plaintiff's allegations against State Farm are true, these allegations do not allow the Court to find State Farm acted in bad faith. State Farm's motion to dismiss the bad faith claim is granted.

B. Fraud

A higher pleading standard also applies to fraud claims under Federal Rule of Civil Procedure 9(b), which states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *Warren v. Millennia Hous. Mgmt., Ltd.*, 2024 WL 4372159, at *10 (E.D. Ark. Sept. 30, 2024). "To satisfy Rule 9(b), the Eighth Circuit has found that the complaint 'must plead such facts as the time, place, and content of the

defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result.'" *Id.* (quoting *Olin v. Dakota Access, LLC*, 910 F.3d 1072, 1075 (8th Cir. 2018)). An allegation of fraud will only satisfy Rule 9(b)'s particularity requirement (and survive a 12(b)(6) motion to dismiss) if it identifies "the who, what, where, when, and how" of the material misrepresentation." *U.S. ex rel. Costner v. United States*, 317 F.3d 883, 889 (8th Cir. 2003)

> In the Complaint, Plaintiff makes the following allegations regarding fraud.
>
> Defendant made repeated false representations to Plaintiff with the intent to deceive and deflect. It stated, both orally and in writing, that coverage would be provided in accordance with the policy. It promised to pay for repairs, replacement, and temporary housing while knowingly refusing to treat the loss as total. It assured Plaintiff that additional payments would follow if she submitted documents-then delayed, minimized, or ignored those submissions entirely. . ... Defendant's intent was to mislead the Plaintiff into inaction, delay litigation, limit its financial exposure, and pressure her into absorbing unreimbursed losses. These misrepresentations were material. . ... As a result of Defendant's fraudulent conduct, Plaintiff suffered financial losses, prolonged displacement, emotional distress, and erosion of trust in the claims process.

(Complaint, Dkt No. 2 at ¶¶ 28-31). The Complaint does not identify the who, where, or when of the alleged misrepresentations. There is no allegation that a specific person made false statements to her on behalf of State Farm at a particular time or place. The Complaint is "not specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *U.S. ex rel. Costner,* 317 F.3d at 889 (quoting *United States ex rel. Lee v. SmithKline Beecham Clinical Labs*., 245 F.3d 1048, 1051–52 (9th Cir. 2001). These allegations are enough to satisfy Rule 12(b)(6) on Plaintiff's breach of contract claim but do not provide specific details to set forth a fraud claim under Rule 9(b). This claim is dismissed.

4

C. Conversion

In the Complaint, Plaintiff alleges that she has "a right to the full value of her personal property, structural benefits, and housing assistance under the insurance contract." (Comp., Dkt. No. 2 at ¶ 33). She claims that the "Defendant, having acknowledged the claim and received documentation supporting that value, assumed control over those funds." *Id.* "By withholding and controlling funds for its own benefit—despite having no legal right to do so—Defendant exercised dominion over property belonging to the Plaintiff. This unauthorized control deprived her of timely repairs, replacement items, and stable housing." *Id.* at ¶ 35.

> The tort of conversion is defined as 'the exercise of dominion over property in violation of the rights of the owner or person entitled to possession.' *Integrated Direct Mktg., LLC v. May*, 2016 Ark. 281, 3, 495 S.W.3d 73, 75 (2016). 'Stated another way, conversion is a common-law tort action for the wrongful possession or disposition of another's property.' *Id.* A valid conversion claim 'must state that the plaintiff had a property interest in the subject goods and that the defendant wrongfully converted them.' *Big A Warehouse Distribs., Inc. v. Rye Auto Supply, Inc.*, 19 Ark. App. 286, 290, 719 S.W.2d 716, 718 (1986).

*Graybar Elec. Co., Inc. v. Weyerhaeuser Co.*, 2019 WL 12073982, at *4 (W.D. Ark. July 11, 2019).

Plaintiff cites three Arkansas cases in support of the claim that State Farm converted money that was designated for her under the homeowner's insurance policy: *Integrated Direct Mktg., LLC v. May*, 495 S.W.3d 73 (Ark. 2016); *Hatchell v. Wren*, 211 S.W.3d 516 (Ark. 2005) and *McQuillan v. Mercedes-Benz Credit Corp.*, 961 S.W.2d 729 (Ark. 1998). None of these cases are on point. In *Integrated Direct Mktg.*, an employer sued his former employees for conversion and violation of the Arkansas Trade Secrets Act among other state law claims. All the claims were dismissed on summary judgment except for conversion. On that issue, the trial court certified the question to the Arkansas Supreme Court of whether intangible property, such as electronic data, standing alone and not deemed a trade secret, could be converted. The Arkansas

5

Supreme Court found that it could. The Court stated, "There is simply no reasonable basis for allowing a claim for conversion of paper documents but not for their electronically stored counterparts." *Integrated Direct Mktg.*, 495 S.W.3d at 5-6. The facts alleged in Plaintiff's Complaint are not analogous.

In *Hatchell*, plaintiff backed his car into the defendant's car while the defendant was visiting his home. Plaintiff paid for the repairs to the car and delivered the car back to the defendant. Sometime later, defendant received a check for the repairs from the plaintiff's insurance company. Instead of reimbursing plaintiff, the defendant cashed the check and kept the money. Plaintiff filed suit against the defendant for conversion and unjust enrichment claiming that when he paid for the repairs to the car and defendant accepted the car, the insurance company's reimbursement for the repairs was rightfully his. After a hearing, the trial court granted summary judgment against the defendant on all claims after she failed to respond to the plaintiff's request for admissions. The trial court found that the defendant admitted that she cashed the check, "declined to give the money back" and that plaintiff was entitled to the money. *Hatchell*, 221 S.W.3d at 522. On appeal, the Supreme Court held that these rulings were "tantamount to a conclusion that [defendant] converted the property of another." *Id.*

The Supreme Court's holding in *Hatchell* was limited to the fact that the trial court made findings which were consistent with the tort of conversion. The facts as set forth in the Complaint here are different. Plaintiff alleges that State Farm converted money which belonged to Plaintiff by denying parts of her homeowners' policy claim. There is no allegation in the Complaint that State Farm distributed reimbursement funds to a third party for repairs paid for by Plaintiff.

In *McQuillan*, the trial court found that the plaintiff did not have a carrier's lien on two trucks plaintiff was holding. Instead, the court found that the plaintiff's actions in refusing to surrender the trucks, hiding them, and insisting on excess payments constituted the tort of conversion. The Supreme Court affirmed.

Here, Plaintiff alleges that funds in State Farm's bank account belong to her up to her policy limits, and by failing to pay the policy limits, State Farm has converted her money. Plaintiff has not cited, and the Court has not found, case law supporting this claim. The Court finds that Plaintiff has failed to state a plausible claim for conversion.

D.  ADTPA

Plaintiff alleges that State Farm violated the ADTPA by misrepresenting that her destroyed home could and should be repaired, demanding contractor updates for a property they knew was unrepairable, withholding depreciation after acknowledging the loss, threatening to terminate housing assistance, and using ambiguous correspondence and arbitrary deadlines to create pressure and confusion.  (Comp., Dkt. No. 2 at ¶ 38).

The elements of an ADTPA cause of action are "(1) a deceptive consumer-oriented act or practice which is misleading in a material respect, and (2) injury resulting from such act. *Skalla v. Canepari*, 430 S.W.3d 72, 81-82 (Ark. 2013) (citing Ark. Code Ann. § 4-88-113(f)). However, the safe-harbor provision of the Act precludes insurance carriers from being subject to suits brought under the Act. "The ADTPA does not apply to '[a]ctions or transactions permitted under laws administered by the Insurance Commissioner, the Securities Commissioner, the State Highway Commission, the Bank Commissioner, or other regulatory body or officer acting under statutory authority of this state or the United States.'" *Williams v. State Farm Mut. Auto. Ins. Co.*, No. 2010 WL 2573196, at *4 (E.D. Ark. June 22, 2010) (quoting Ark. Code Ann. § 4-88-101(3)).

7

Courts in the Eastern District of Arkansas have previously stated, "the insurance activity exception 'essentially includes all insurance activity in the State of Arkansas,' permissible or not." *Id.* (quoting *Jones v. Unum Life Ins. Co. of Am.*, 4:06CV00547, 2006 WL 3462130, at *3 (E.D. Ark. Nov. 29, 2006) and listing cases *Kirby v. United Am. Ins. Co.*, 4:08CV00338 JLH, 2010 WL 961723, at *1 (E.D. Ark. Mar. 15, 2010) (finding that the ADTPA did not apply to an insurance transaction even if the insurance policy was misrepresented to the consumer); *Robertson v. White*, 633 F. Supp. 954, 978 (W.D. Ark. 1986) (finding that the Consumer Protection Act, which preceded the ADTPA, "remove[d] from the purview of the Consumer Protection Act" a transaction governed by the state securities commissioner)). *Compare Moore v. Shelter Mut. Ins. Co.*, 2013 WL 12085093, at *2 (W.D. Ark. Aug. 26, 2013) ("The Eastern District of Arkansas has stated that the insurance activity exception of the ADTPA excludes all insurance activity in the State of Arkansas whether permissible or not. . .. With all due respect to these decisions, this Court does not need to engage in speculation or conjecture regarding state law. The plain meaning of the safe harbor provision only excludes activity permitted by the Insurance Trade Act.")

Pursuant to *Williams*, Plaintiff cannot maintain a claim for violation of the ADTPA against State Farm as alleged in the Complaint. Therefore, this claim is dismissed.

IV. Conclusion

Defendant's partial motion to dismiss (Dkt. No. 5) is GRANTED as to Plaintiff's claims for bad faith, fraud, conversion, and the ADTPA.

IT IS SO ORDERED this 22nd day of October, 2025.

_____
James M. Moody Jr.
United States District Judge